UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS G. ARELLANO and CECILIA G. ARELLANO, husband and wife, and the community thereof,<br><br>      Plaintiff/Petitioners,<br><br> v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a "Fannie Mae" a corporation created by the Congress of the United States; ALLIANCE TITLE AND ESCROW CORP., a Delaware corporation; SETERUS, INC., a Delaware corporation; CITI FINANCIAL, a Maryland corporation; FIRST HORIZONS HOME LOAN CORPORATION, an Idaho corporation; and FIRST TENNESSEE BANK, N.A., d/b/a First Horizon Home Loans,<br><br>      Defendant/Respondents. | Case No. 1:13-cv-00316-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Plaintiff's Petition to Remand (Docket No. 21). Having reviewed the briefs, the Court has determined that the Petition is suitable for disposition without oral argument. The Court will also note that there has been some delay in addressing this motion because the Court granted the parties request to extend deadlines

and allow the parties to participate in mediation. The Court will deny the Petition to Remand because the Court has subject matter jurisdiction based on diversity.

## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), an action must be "fit for federal adjudication when the removal petition is filed." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998). Whether subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir.1994). Removal jurisdiction is statutory and strictly construed. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir.1986). If there is any doubt as to the right of removal, jurisdiction must be rejected. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996).

A defendant bears the burden of establishing federal jurisdiction when they seek removal to federal court and the removal statute is strictly construed against removal. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). The existence of federal question or diversity jurisdiction is ordinarily determined from the face of the complaint. *Sparta Surgical Corp.*, 159 F.3d at 1211.

## ANALYSIS

The Arellanos filed a petition to remand this matter back to the Third Judicial Distict, State of Idaho, Canyon County. The Arellanos' assert that removal based on federal question jurisdiction was improper because all claims can and should be adjudicated under Idaho State law and any reference to federal law in the complaint is

"purely incidental and collateral." *Petition to Remand* ¶ 3, Dkt. 21. The defendants argue that the Court has both diversity jurisdiction and federal question jurisdiction.

## A. Diversity Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over an action if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenship of the parties is completely diverse if none of the plaintiffs is a citizen of the same state as any of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). For purposes of diversity, citizenship and residence are not the same thing. *Mantin v. Broadcast Music, Inc.*, 244 F.3d 204, 206 (9th Cir.1957). A corporation is a citizen of the state "by which it has been incorporated" and the state "where is has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is located in the "nerve center" of the corporation, where the corporation's high level officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

### 1. Diversity Among the Parties

The Arellanos are citizens of Idaho. Defendant Nationstar Mortgage is a citizen of Delaware and Texas. *Def.'s Resp.* at 5 Dkt. 25. Defendant Frannie Mae is a citizen of the

District of Columbia. *Id* at 4. Defendant Seterus is incorporated in Delaware with its principal place of business in Michigan. *Id* at 5. Defendant Citi Financial has been dismissed. *Voluntary Dismissal Notice* Dkt. 29. There is no real dispute about the citizenship of these parties.

Alliance Title & Escrow Corp is a Delaware corporation, with their principle place of business in Idaho. However, defendants who are nominal parties with nothing at stake may be disregarded in determining diversity. *Strotek Corp. V. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir 2002) (*citing McCabe v. General Foods Corp.,* 811 F2d 1336, at 1339 (9th Cir 1987) (the court may disregard the citizenship of nominal parties)). Both parties confirm that Alliance Title's participation in this case is strictly as a trustee under the Deed of Trust. *Stipulation of Alliance Title* at 2, Dkt. 20. The parties' stipulation also assures the Court that Alliance Title will not file any further responsive pleading or any motions, and both parties have agreed not to seek any damages or judgments against Alliance Title. *Id.* With nothing at stake, Alliance Title is a nominal party and does not destroy diversity.

The complaint alleges that First Horizons Home Loan Corporation is "an Idaho corporation." (*Comp.* at 1. Dkt. 1-2). However, First Tennessee Bank National Association is the successor in interest by merger, and a citizen of Tennessee. The Arellanos question this merger, and ask the Court to presume that First Horizons is an Idaho corporation. *Pl.'s Reply* ¶ 11 Dkt. 30. But even prior to the merger with Tennessee Bank, First Horizons was not an Idaho corporation – it was a corporation of Kansas, with

its principle place of business in Tennessee. *Coonts Aff.* Dct. 41-1. Thus, the record reflects that First Horizons is not an Idaho corporation. Accordingly, because Alliance Title is a nominal party, and all other parties are diverse, complete diversity exists.

### 2. Amount in Controversy

There is no real dispute that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Arellanos seek damages in the amount of $104,917.60. *Comp.* ¶K, Dkt. 1-2. Accordingly, because complete diversity exists, and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction in this case based upon diversity of citizenship. Therefore, the Court need not address whether there is a federal question, and the Court will deny the motion to remand.

## ORDER

**IT IS ORDERED:**

1. Defendant's Petition to Remand (Dkt. 21) is **DENIED**.

DATED: September 25, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court